67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brandie Shayne REIST, Plaintiff-Appellant,
v.
K. ORR; P. Scavarda; C. Smith; D. Carl, Defendants-Appellees.
 No. 95-1128.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: JONES, DAUGHTREY and PHILLIPS,* Circuit Judges.
 
 ORDER
 
 2
 Brandie Shayne Reist, a pro se Michigan prisoner, appeals a district court judgment dismissing his amended civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $411,000 in damages, Reist sued the defendants, a sergeant and three corrections officers of the Michigan Department of Corrections (MDOC), in their individual capacities. He alleged that defendants Orr, Scavarda, and Smith used excessive force when returning him to his cell on January 10, 1993, resulting in injury to his neck and lower back, and that defendant Carl participated by opening Reist's cell door for the other defendants. He further alleged that the defendants violated his right to due process by failing to videotape the incident as required by MDOC policy. The district court dismissed Reist's claim against defendant Carl as frivolous within the meaning of 28 U.S.C. Sec. 1915(d) and Reist does not appeal that ruling.
 
 
 4
 The remaining defendants filed a motion for summary judgment, to which Reist responded. On November 30, 1994, the magistrate judge issued a report in which he recommended that the defendants' motion for summary judgment be granted as to Reist's due process claim, but that it be denied as to his Eighth Amendment claim. Both sides filed objections. Upon consideration, the district court accepted the magistrate judge's report and recommendation as to Reist's due process claim, but rejected it as to the Eighth Amendment claim. Instead, the district court concluded that the evidence was so one-sided that the defendants must prevail as a matter of law and dismissed the entire action in a judgment filed on January 13 and entered on January 17, 1995.
 
 
 5
 On appeal, Reist argues that: (1) the district court improperly considered an unsigned document, (2) he stated an actionable due process claim, (3) the district court had jurisdiction over his supplemental state claim, (4) he stated an actionable Eighth Amendment claim, and (5) the defendants were not entitled to qualified immunity.
 
 
 6
 Upon review, we affirm the district court's judgment because Reist has failed to state a claim for a due process violation and the defendants are entitled to summary judgment as to the excessive force claim. In dismissing a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept his factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). Summary judgment is appropriate where there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 7
 Reist's first issue on appeal is completely meritless. He argues that the district court improperly considered an unsigned statement by another inmate. However, there is no indication that the district court relied on this statement to reach its judgment. Even without the inmate's statement, the evidence before the district court was sufficient to support its judgment and any error in admitting the document was harmless.
 
 
 8
 Reist's argument that the defendants are not entitled to qualified immunity is also without merit. Although this defense was asserted by the defendants, the district court did not base its judgment on the ground of qualified immunity. Thus, Reist cannot obtain relief on this basis.
 
 
 9
 We affirm the district court's dismissal of Reist's constitutional due process claim on grounds other than those stated by the district court. See City Mgmt. Corp., 43 F.3d at 251. Reist's due process claim is based solely upon his assertion that MDOC policy required the defendants to videotape the incident. However, "a state cannot be said to have a federal due process obligation to follow all its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir.), cert. denied, 113 S.Ct.3001 (1993). In addition, the state's videotape policy does not create a protected liberty interest because it does not involve "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, No. 93-1911, 1995 WL 360217, at * 6 (U.S. June 19, 1995). For these reasons, we find that Reist has failed to state a due process claim.
 
 
 10
 The district court did not err in granting summary judgment to the defendants as to Reist's excessive force claim. Where a convicted prisoner asserts a claim of excessive use of force, the Eighth Amendment serves as the exclusive source of protection for such a prisoner. Cornwell v. Dahlberg, 963 F.2d 912, 915-16 (6th Cir.1992). To ascertain whether excessive use of force violates the Eighth Amendment, the court must determine whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Moore v. Holbrook, 2 F.3d 697, 701 (6th Cir.1993).
 
 
 11
 The magistrate judge recommended that summary judgment be denied as to this issue because Reist's factual allegations sufficiently controverted the defendants' submissions to preserve the issue of excessive force for trial. The district court disagreed, finding that "[t]his is a case of plaintiff's word against a barrage of unrefuted evidence in support of defendants' motion including medical evidence, the critical incident reports, the witnesses at plaintiff's major misconduct hearings, and all documents and evidence presented at plaintiff's major misconduct hearings." We agree. Although an Eighth Amendment claim is not precluded in the absence of serious injury, see Hudson, 503 U.S. at 7; Moore, 2 F.3d at 700, the extremely minor nature of the injuries indicated that Reist was not subjected to a malicious and sadistic attack. See Moore, 2 F.3d at 701.
 
 
 12
 In addition, the Supreme Court has stated that a court should grant summary judgment "where the evidence is such that it 'would require a directed verdict [judgment as a matter of law] for the moving party.' " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 624 (1944)). To this end, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The district court properly applied this standard. Reist's self-serving statements do not sustain his burden of proof in light of the overwhelming evidence submitted by the defendants that minimal force was used to control an unruly prisoner.
 
 
 13
 Finally, the district court did not err by not ruling on any supplemental state claims Reist might have. It is within the discretion of the district court to retain jurisdiction over supplemental state law claims after all federal claims have been dismissed. UMWA v. Gibbs, 383 U.S. 715, 722 (1966); Sarin v. Samaritan Health Center, 813 F.2d 755, 759 n. 5 (6th Cir.1987). Reist has not shown that the district court abused its discretion in this case.
 
 
 14
 Accordingly, the district court's judgment, entered on January 17, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation